**UNITED STATES of America,**
Appellee,

v.

**Jose PARKS, Appellant.**

No. 06–4051.

United States Court of Appeals, Eighth Circuit.

Submitted: Sept. 28, 2007.

Filed: Oct. 4, 2007.

Thomas Joseph Mehan, U.S. Attorney's Office, St. Louis, MO, for Appellee.

Lucille G. Liggett, Federal Public Defender's Office, St. Louis, MO, for Appellant.

Jose Parks, St. Louis, MO, pro se.

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

The district court[1] concluded Jose Parks (Parks) was a career offender under United States Sentencing Guideline § 4B1.1 based on Parks's prior felony convictions for escape and possession of a controlled substance with the intent to deliver. Parks appeals, arguing the district court erred in (1) applying the preponderance of the evidence standard, rather than the beyond a reasonable doubt standard, to determine whether Parks's prior convictions qualify as crimes of violence or controlled substance offenses, and (2) concluding Parks's escape conviction qualifies as a crime of violence. We disagree. "Determining whether a prior conviction is a 'crime of violence' for § 4B1.2 purposes is a question of law, not a question of fact found by the judge." *United States v. Bockes,* 447 F.3d 1090, 1093 n. 4 (8th Cir. 2006). A district court need not apply the beyond a reasonable doubt standard to determine whether a prior conviction qualifies as a crime of violence or a controlled substance offense. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Parks's escape conviction qualifies as a crime of violence. *See United States v. Nation,* 243 F.3d 467,

---

1. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

472 (8th Cir.2001) (holding "escape is categorically a crime of violence").

We affirm. *See* 8th Cir. R. 47B.